1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

7
8
9

| | |
|---|---|
| **MARTHA MORITZ,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **DANIEL N. GORDON, P.C. AND** | ) |
| **DANIEL N. GORDON,** | ) |
| | ) |
| Defendants. | ) |

10
11
12
13
14
15
16
17

**NATURE OF ACTION**

18

1.     This is an action brought under the federal Fair Debt Collection

19
20

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Washington Collection

21

Agency Act ("WCAA"), Chapter 19.16, RCW, and the Washington Consumer

22
23

Protection Act ("WCPA"), Chapter 19.86, RCW.

24

**JURISDICTION AND VENUE**

25

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. §

26
27

1331, and 28 U.S.C. § 1367.

28

Complaint - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4.     Plaintiff, Martha Moritz ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Shoreline.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Daniel N. Gordon, P.C. ("DNG") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant, Daniel N. Gordon ("Gordon") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.     Gordon, by virtue of his ownership and employment at DNG, was regularly engaged, directly and indirectly, in the collection of debts.

9.     At all relevant times Gordon exercised control over the affairs of DNG's debt collection business.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

10.    Gordon materially participated and was personally involved in the collection of Plaintiff's debt, including filing a lawsuit in effort to collect the same.

11.    Gordon and DNG (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

12.    Defendants' attempts to collect the subject debt from Plaintiff were not confined and directly related to the operation of a business other than that of a collection agency.

13.    DNG is directly engaged in collecting or attempting to collect claims owed or due or asserted to be owed or due another person, and is a "collection agency" as defined by RCW § 19.16.110(2).

## FACTUAL ALLEGATIONS

14.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

15.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

Complaint - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

16.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17.     On or about July 1, 2010, an agent and/or employee of Defendants initiated communication with Plaintiff's employer, Talasaea Consultants, Inc., and spoke with Plaintiff's co-worker, Barb Batt.

18.     During this phone call, Defendants' agent and/or employee did not identify herself, and in fact refused to do so upon Ms. Batt's repeated request.

19.     During this phone call, Defendants' agent and/or employee stated she was calling from the Law Office of Daniel N. Gordon, located in Eugene, Oregon.

20.     During this phone call, Defendants' agent and/or employee stated that Plaintiff owes a debt and that there may be a garnishment of Plaintiff's wages for the amount of $3,979.12, but that Defendants did not have a court order for the same.

21.     Prior to Defendants' July 1, 2010 communication with Plaintiff's Ms. Batt, Defendants had communicated with Plaintiff directly, and at such time Plaintiff had stated she would provide pay stubs to confirm her employment, and demanded Defendants not contact Plaintiff's employer.

Complaint - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

22.     Within one year preceding the date of this complaint, Defendants, via their agent and/or employee "Tasha Pierce," in connection with the collection of a debt, placed multiple telephone calls to, and left voice messages on, Plaintiff's cellular telephone.

23.     In each such instance, Defendants' agent and/or employee left a voice message substantially identical to the following: "This is Tasha Pierce from Attorney Daniel Gordon's office.  I need a call back at 1-800-xxx-xxxx."

24.     Defendants did not disclose in any such voice message that the message was from a debt collector, nor did they otherwise disclose any information related to the nature or purpose of the call.

25.     DNG and Gordon, on behalf of a third-party creditor, filed a lawsuit in a Washington State court against Plaintiff in effort to collect a debt.

26.     DNG is not licensed as a collection agency pursuant to RCW § 19.16.100 *et seq.*

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692b(1)**
**DEFENDANT GORDON**

27.     Plaintiff repeats and re-alleges each and every allegation contained above.

28.     15 U.S.C. § 1692b(1) provides:

Complaint - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

15 U.S.C. § 1692b(1).

29.    Gordon violated 15 U.S.C. § 1692b(1) when his agent and/or employee called and spoke with Barb Batt on July 1, 2010 and failed to identify herself.

30.    Gordon further violated 15 U.S.C. § 1692b(1) when during this same phone call his agent and/or employee identified her employer, DNG, without being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Gordon violated 15 U.S.C. § 1692b(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Complaint - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

f)   Awarding such other and further relief as the Court may deem just

and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(2)
## DEFENDANT GORDON

31.    Plaintiff repeats and re-alleges each and every allegation contained

above.

32.    15 U.S.C. § 1692b(2) provides:

Any debt collector communicating with any person other than
the consumer for the purpose of acquiring location
information about the consumer shall—

*    *    *

(2) not state that such consumer owes any debt.

15 U.S.C. § 1692b(2).

33.    Gordon violated 15 U.S.C. § 1692b(2) when his agent and/or

employee called and spoke with Barb Batt on July 1, 2010 and stated that Plaintiff

owes a debt and that her wages may be garnished.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Gordon violated 15 U.S.C. § 1692b(2);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §

1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

Complaint - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)
## DEFENDANT GORDON

34.  Plaintiff repeats and re-alleges each and every allegation contained above.

35.  15 U.S.C. § 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

36.  Gordon violated 15 U.S.C. § 1692c(b) when his agent and/or employee contacted Barb Batt in connection with the collection of Plaintiff's debt

Complaint - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

on July 1, 2010, without Plaintiff's consent, and without the express permission of a court of competent jurisdiction, and because it was not reasonably necessary to effectuate a postjudgment judicial remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Gordon violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d(6)
## DEFENDANT GORDON

37.     Plaintiff repeats and re-alleges each and every allegation contained above.

38.     15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural

Complaint - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

39.    Gordon violated 15 U.S.C. § 1692d(6) when his agent and/or employee placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without meaningfully disclosing the caller's identity, including by failing to disclose the nature of DNG's business and the purpose of the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Gordon violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just

and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692e(11)
### DEFENDANT GORDON

40.    Plaintiff repeats and re-alleges each and every allegation contained

above.

41.    15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added).

42.    Gordon violated 15 U.S.C. § 1692e(11) when his agent and/or

employee placed telephone calls and left voice messages with Plaintiff in

Complaint - 11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

connection with the collection of a debt without disclosing that the communication is from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Gordon violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT GORDON

43.    Plaintiff repeats and re-alleges each and every allegation contained above.

44.    15 U.S.C. § 1692f provides, in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

Complaint - 12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

15 U.S.C. § 1692f.

45. Gordon violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, including by collecting and attempting to collect Plaintiff's debt without being duly licensed pursuant to Washington law, thus avoiding review by state authorities.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Gordon violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692b(1)**
**DEFENDANT DNG**

46. Plaintiff repeats and re-alleges each and every allegation contained

Complaint - 13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

above.

47.     15 U.S.C. § 1692b(1) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

15 U.S.C. § 1692b(1).

48.     DNG violated 15 U.S.C. § 1692b(1) when its agent and/or employee called and spoke with Barb Batt on July 1, 2010 and failed to identify herself.

49.     DNG further violated 15 U.S.C. § 1692b(1) when during this same phone call its agent and/or employee identified her employer, DNG, without being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DNG violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

Complaint - 14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just
and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. § 1692b(2)
## DEFENDANT DNG

50.    Plaintiff repeats and re-alleges each and every allegation contained
above.

51.    15 U.S.C. § 1692b(2) provides:

Any debt collector communicating with any person other than
the consumer for the purpose of acquiring location
information about the consumer shall—

*    *    *

(2) not state that such consumer owes any debt.

15 U.S.C. § 1692b(2).

52.    DNG violated 15 U.S.C. § 1692b(2) when its agent and/or employee
called and spoke with Barb Batt on July 1, 2010 and stated that Plaintiff owes a
debt and that her wages may be garnished.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that DNG violated 15 U.S.C. § 1692b(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §
1692k, in the amount of $1,000.00;

Complaint - 15

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. § 1692c(b)
## DEFENDANT DNG

53.   Plaintiff repeats and re-alleges each and every allegation contained above.

54.   15 U.S.C. § 1692c(b) provides:

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

55.   DNG violated 15 U.S.C. § 1692c(b) when it contacted Barb Batt in

Complaint - 16

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

connection with the collection of Plaintiff's debt on July 1, 2010, without Plaintiff's consent, and without the express permission of a court of competent jurisdiction, and because it was not reasonably necessary to effectuate a postjudgment judicial remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that DNG violated 15 U.S.C. § 1692c(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT X
### VIOLATION OF 15 U.S.C. § 1692d(6)
### DEFENDANT DNG

56.    Plaintiff repeats and re-alleges each and every allegation contained above.

57.    15 U.S.C. § 1692d(6) provides:

Complaint - 17

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*    \*    \*

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

58.    DNG violated 15 U.S.C. § 1692d(6) when it placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without meaningfully disclosing its identity, including by failing to disclose the nature of DNG's business and the purpose of the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that DNG violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Complaint - 18

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. § 1692e(11)
## DEFENDANT DNG

59.     Plaintiff repeats and re-alleges each and every allegation contained above.

60.     15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added).

61.     DNG violated 15 U.S.C. § 1692e(11) when it placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without disclosing that the communication is from a debt collector.

Complaint - 19

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DNG violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT DNG

62.      Plaintiff repeats and re-alleges each and every allegation contained above.

63.      15 U.S.C. § 1692f provides, in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

64.      DNG violated 15 U.S.C. § 1692f when it used unfair or

Complaint - 20

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

unconscionable means to collect or attempt to collect a debt from Plaintiff, including by collecting and attempting to collect Plaintiff's debt without being duly licensed pursuant to Washington law, thus avoiding review by state authorities.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DNG violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATION OF RCW § 19.16.110
## DEFENDANT DNG

91.     Plaintiff repeats and re-alleges each and every allegation contained above.

92.     RCW § 19.16.110 provides:

Complaint - 21

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

> No person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter, except as authorized by this chapter, without first having applied for and obtained a license from the director.

RCW § 19.16.110.

93.    DNG violated RCW § 19.16.110 by acting and advertising as a collection agency without first having applied for and obtained a license.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DNG violated RCW § 19.16.110;

b) Ordering DNG to return all money collected on Plaintiff's account while operating without a license to Plaintiff, pursuant to RCW § 19.16.430(b);

c) Awarding Plaintiff actual damages pursuant to Chapter 19.16, RCW;

d) Awarding Plaintiff discretionary treble damages;

e) For injunctive relief in the form of an Order requiring DNG to cease collection activity in the State of Washington until DNG obtains a collection agency license and posts the bond required by Chapter 19.16, RCW;

f) Awarding Plaintiff her reasonable attorneys' fees ands costs incurred in this action;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIV**
**VIOLATION OF RCW § 19.16.260**
**DEFENDANT DNG**

94.     Plaintiff repeats and re-alleges each and every allegation contained above.

95.     RCW § 19.16.260 provides, in relevant part:

> No collection agency or out-of-state collection agency may bring or maintain an action in any court of this state involving the collection of a claim of any third party without alleging and proving that he or it is duly licensed under this chapter.

RCW § 19.16.260.

96.     DNG violated RCW § 19.16.260 by bringing and maintaining an action in a Washington State court to collect a debt on behalf of a third-party creditor without alleging and proving that it is duly licensed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DNG violated RCW § 19.16.260;

Complaint - 23

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

b) Ordering DNG to return all money collected on Plaintiff's account while operating without a license to Plaintiff, pursuant to RCW § 19.16.430(b);

c) Awarding Plaintiff actual damages pursuant to Chapter 19.16, RCW;

d) Awarding Plaintiff discretionary treble damages;

e) For injunctive relief in the form of an Order requiring DNG to cease collection activity in the State of Washington until DNG obtains a collection agency license and posts the bond required by Chapter 19.16, RCW;

f) Awarding Plaintiff her reasonable attorneys' fees ands costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XV
### VIOLATION OF RCW § 19.86.020
### DEFENDANT DNG

97.     Plaintiff repeats and re-alleges each and every allegation contained above.

98.     The Washington Collection Agency Act provides:

Complaint - 24

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrrobbins@AttorneysForConsumers.com

> The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

RCW § 19.16.440.

99.   DNG's violations of the licensing provisions included in the WCAA, RCW § 19.16.110 and RCW § 19.16.260, as detailed above, constitute *per se* violations of the Consumer Protection Act.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that DNG violated RCW § 19.86.020;

b) Awarding Plaintiff actual damages pursuant to Chapter 19.86, RCW;

c) Awarding Plaintiff discretionary treble damages pursuant to RCW § 19.86.090;

d) For injunctive relief in the form of an Order requiring DNG to cease collection activity in the State of Washington until Defendant obtains a collection agency license and posts the bond required by Chapter 19.16, RCW;

Complaint - 25

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 17th day of June, 2011.



s/Jon N. Robbins
Jon N. Robbins (28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@attorneysforconsumers.com
Attorneys For Plaintiff

Complaint - 26

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com