UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHA MORITZ, | CASE NO. C11-1019JLR |
| Plaintiff, | ORDER |
| v. | |
| DANIEL N. GORDON, P.C., et al., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the court on Plaintiff Martha Moritz's motion for leave to file an amended complaint (Dkt. # 14), and Ms. Moritz's motion for leave to file a revised amended complaint (Dkt. # 17).  Defendants Daniel N. Gordon, P.C. ("DNG") and Daniel N. Gordon oppose both motions (Dkt. ## 15, 22).  Having considered the submissions of the parties, the balance of the record, and the relevant law, the court GRANTS Ms. Moritz's motion for leave to file her revised amended complaint (Dkt. #

1  17) and DENIES AS MOOT Ms. Moritz's motion for leave to file an amended complaint

2  (Dkt. # 14).[1]

3  ## II.   BACKGROUND

4      Ms. Moritz brings the instant lawsuit alleging that Defendants violated the federal

5  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Washington

6  Collection Agency Act ("WCAA"), Chapter 19.16 RCW; and the Washington Consumer

7  Protection Act ("WCPA"), Chapter 19. 86 RCW, in their efforts to collect a debt from

8  her.  (*See generally* Compl. (Dkt. # 1).)  Before answering the complaint, Defendants

9  filed a motion to dismiss based on the *Younger* abstention doctrine (Dkt. # 6), but

10  subsequently withdrew the motion (Dkt. # 26).

11      While the motion to dismiss was pending, Ms. Moritz filed a motion for leave to

12  file an amended complaint (Mot. (Dkt. #14)) and then a motion for leave to file a revised

13  amended complaint (Am. Mot. (Dkt. # 17)).  In her first motion, Ms. Moritz seeks leave

14  to amend her original complaint to add DNG's employees ("John and Jane Does 1

15  through 50") as defendants because they allegedly were engaged, by use of the mails and

16  telephone, in the business of attempting to collect a debt from Ms. Moritz.[2]  (Mot. at 2.)

17

18      [1] Defendants have requested oral argument.  (Resp. to Mot. (Dkt. # 15) at 1; Resp. to Am.
19  Mot. (Dkt. # 22) at 1.)  The court, however, determines that these motions are appropriate for
    decision without oral argument.  Although the court generally grants oral argument when
    requested by a party, oral argument is not required if the requesting party suffers no prejudice.
20  *Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984).  Here, Defendants will not be
    prejudiced by allowing Ms. Moritz to file her revised amended complaint.  The issues have been
21  thoroughly briefed by the parties and oral argument would not be of assistance to the court.

22      [2] Ms. Moritz expects to learn the identities of these employees through discovery.  (Mot.
    at 2.)

ORDER- 2

1   Ms. Moritz explains that she believes Defendants are likely to argue that DNG was not

2   required to be licensed as a "collection agency" pursuant to RCW 19.16.100 because

3   lawyers and law firms are categorically excluded from regulation as collection agencies

4   under RCW 19.16.100(3)(c).  (*Id.* at 3.)  Ms. Moritz contends that employees engaged in

5   collecting or attempting to collect claims are excluded from being licensed as "collection

6   agencies" themselves only if their employer is indeed a licensee; she asserts that her

7   position is supported by the statutory language of the WCAA.  (*Id.*)  Ms. Moritz's

8   proposed amended complaint also alleges, in the alternative, that DNG is an "out-of-state

9   collection agency" pursuant to RCW 19.16.110(4).  (*Id.* at 4.)  Finally, Ms. Moritz asserts

10  that her proposed amended complaint includes additional allegations to clarify the factual

11  circumstances previously pleaded and expound on the legal theories under which she

12  seeks relief.  (*Id.*)

13      In her second motion, Ms. Moritz seeks to file a revised amended complaint that

14  adds additional facts and counts arising from the same set of operative facts as the

15  proposed amended complaint.  (Am. Mot. at 2-3.)  Ms. Moritz contends that certain

16  amendments, particularly those relating to actual damages in connection with her WCPA

17  claim, are necessary and appropriate in light of *Paris v. Steinberg & Steinberg*, --- F.

18  Supp. 2d ----, 2011 WL 5237761 (W.D. Wash. Nov. 1, 2011), which was issued after she

19  filed her initial motion for leave to amend.  (Am. Mot. at 3.)

20                          **III.   ANALYSIS**

21      "Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely

22  given when justice so requires," but a "district court may exercise its discretion to deny

ORDER- 3

1    leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant,

2    repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

3    to the opposing party . . . , [or] futility of amendment.'"  *Carvalho v. Equifax Info. Servs.,*

4    *LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (*quoting Foman v. Davis*, 371 U.S. 178, 182

5    (1962)).

6        Here, Defendants argue that the court should deny Ms. Moritz leave to amend

7    because (1) Ms. Moritz's revised motion is untimely and prejudicial, and (2) Ms.

8    Moritz's proposed amendments are futile.  (*See generally* Resp. to Mot. (Dkt. # 15);

9    Resp. to Am. Mot. (Dkt. # 22).)  For the reasons described below, the court finds

10   Defendants' assertions unavailing.

11       First, neither of Ms. Moritz's motions were untimely as they were both filed

12   before the December 8, 2011 deadline for amended pleadings set by the court.  (*See*

13   Scheduling Order (Dkt. # 13).)  Further, Defendants have failed to articulate any

14   particular prejudice that they would suffer if the court were to grant either of Ms.

15   Moritz's motions.  (*See generally* Resp. to Am. Mot.)  As such, the court will not deny

16   Ms. Moritz leave to amend on these grounds.

17       Second, the court is not persuaded by Defendants' arguments regarding futility.  A

18   proposed amendment to a complaint is futile only if no set of facts can be proved under

19   the amendment that would constitute a valid and sufficient claim.  *Sweaney v. Ada Cnty.,*

20   *Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997).  "A party should be afforded an opportunity

21   to test his claim on the merits rather than on a motion to amend unless it appears beyond

22   doubt that the proposed amended pleading would be subject to dismissal."  *Mahone v.*

1   *Pierce Cnty.*, No. C10-5847 RLB/KLS, 2011 WL 2009740, at *2 (W.D. Wash. May 23,

2   2011) (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991)).

3          Defendants present two primary arguments regarding futility.  Defendants first

4   contend that there is no legal support for Ms. Moritz's allegations that "if and when an

5   entity is not legally defined as a collection agency, and thus not required to be licensed,

6   then its employees would nonetheless be required to be licensed as collection agents."

7   (Resp. to Mot. at 2.)  Nevertheless, as noted above, Ms. Moritz asserts that her position is

8   supported by the statutory language.  (Mot. at 3.)  Specifically, Ms. Moritz points to

9   RCW 19.16.100(3)(a), which provides that the definition of a "collection agency" does

10  not include "[a]ny individual engaged in soliciting claims for collection, or collecting or

11  attempting to collect claims *on behalf of a licensee* under this chapter, if said individual is

12  an employee *of the licensee*."  (Mot. at 3 (quoting RCW 19.16.100(3)(a)).)  In addition,

13  Ms. Moritz relies on RCW 19.16.110, which provides that "[n]othing contained in this

14  section [License Required] shall be construed to require a regular employee *of a*

15  *collection agency or out-of-state collection agency duly licensed under this chapter* to

16  procure a collection agency license."  (Mot. at 3-4 (quoting RCW 19.16.100(3)(a)).)  At

17  this juncture, it does not appear beyond doubt that Ms. Moritz's proposed amendments

18  regarding the John and Jane Doe defendants will be subject to dismissal, and thus the

19  court will not deny Ms. Moritz leave to amend.

20         Defendants also argue that Ms. Moritz's motions should be denied because she

21  fails to properly allege violations of the WCPA.  (Resp. to Mot. at 3-4; Resp. to Am. Mot.

22  3-5.)  To state a claim for violation of the WCPA, a party must allege: "(1) [an] unfair or

ORDER- 5

1  deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact;

2  (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman*

3  *Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 532 (Wash. 1986);

4  RCW 19.86.060.

5       Defendants take issue with Ms. Moritz's allegations regarding injury and

6  causation.  In her proposed revised amended complaint, Ms. Moritz alleges:

7       Defendants' unlicensed collection activity directly and proximately caused
        Plaintiff injury, including time and expense incurred in defense of
8       Defendants' collection activities, including $1,186.47 paid to Defendants in
        response to Defendants' collection activities, and postage and mailing fees
9       incurred in disputing the validity of the debt sought to be collected and
        otherwise communicating with Defendants in response to their debt
10      collection activity.

11  (Am. Mot. Ex. 1 ("Rev. Am. Compl.") ¶ 108.)  Although it is unlikely that the $1,186.47

12  Ms. Moritz paid to Defendants in response to their collection activities constitute actual

13  damages for purposes of her WCPA claim, *see Paris*, 2011 WL 5237761, at *3 (noting

14  that restitution in the form of fees collected by a debt collection agency operating without

15  a license is not actual damages under the WCPA), Ms. Moritz has also alleged that her

16  injury includes the time and expense she incurred in responding to Defendants' collection

17  activities (Rev. Am. Compl. ¶ 108).  As the WCPA requires "monetary or some other

18  non-quantifiable injury," *Paris*, 2011 WL 5237761, at *3, the court is satisfied that Ms.

19  Moritz's proposed revised amended complaint sufficiently alleges injury.

20       Regarding the causation element, the Washington Supreme Court has made clear

21  that a WCPA "plaintiff must show that the defendant proximately caused his or her injury

22  by showing that 'but for the defendant's unfair or deceptive practice, the plaintiff would

1   not have suffered an injury.'"  *Beyer v. Countrywide Home Loans Servicing LP*, No. C07-

2   1512MJP, 2008 WL 1791506, *9 (W.D. Wash. Apr. 18, 2008) (quoting *Indoor*

3   *Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 20 (Wash. 2007)).

4   The proposed revised amended complaint contains numerous allegations of Defendants'

5   unlicensed collection activities (*see, e.g.*, Rev. Am. Compl. ¶¶ 99, 101, 104), which Ms.

6   Moritz alleges constitute *per se* unfair acts or practices (*see, e.g.*, *id.* ¶¶ 105-06).

7   Paragraph 108 of the revised amended complaint, which is set forth in full above,

8   sufficiently alleges that but for Defendants unlicensed collection activities, Ms. Moritz

9   would not have been injured.  The court is satisfied that granting Ms. Moritz leave to

10  amend would not be futile based on the amended allegations regarding causation under

11  the WCPA.

12                      **IV.    CONCLUSION**

13          For the reasons set forth above, the court GRANTS Ms. Moritz's motion for leave

14  to file a revised amended complaint (Dkt. # 17) and DENIES AS MOOT Ms. Moritz's

15  motion for leave to file an amended complaint (Dkt. # 14).  Ms. Moritz must file her

16  revised amended complaint within seven (7) days of the entry of this order.

17          Dated this 25th day of January, 2012.

18

19

20

21          JAMES L. ROBART
            United States District Judge

22

ORDER- 7