1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **MARTHA MORITZ,** | ) Case No. 2:11−cv−01019−JLR |
| | ) |
| Plaintiff, | ) |
| | ) **REVISED AMENDED COMPLAINT** |
| vs. | ) |
| | ) |
| **DANIEL N. GORDON, P.C.,** | ) **JURY DEMAND** |
| **DANIEL N. GORDON, AND** | ) |
| **JOHN AND JANE DOES 1 THROUGH 50** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### NATURE OF ACTION

1.     This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Washington Collection Agency Act ("WCAA"), Chapter 19.16, RCW, and the Washington Consumer Protection Act ("WCPA"), Chapter 19.86, RCW.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff

WEISBERG & MEYERS, LLC     Case     No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

resides in this district, and/or where Defendants transact business in this district.

**PARTIES**

4.     Plaintiff, Martha Moritz ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Shoreline.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, Daniel N. Gordon, P.C. ("DNG") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant, Daniel N. Gordon ("Gordon") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and a "claim" as defined by RCW § 19.16.100(5).

8.     DNG employs approximately 50 individuals (collectively, "John and Jane Does 1 through 50") who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and a "claim" as defined by RCW § 19.16.100(5).

9.     Gordon, by virtue of his ownership and employment at DNG, was regularly engaged, directly and indirectly, in the collection of debts.

10.     At all relevant times Gordon exercised control over the affairs of DNG's debt collection business.

11.     Gordon materially participated and was personally involved in the collection of Plaintiff's debt, including filing a lawsuit in an effort to collect the same.

Revised Amended Complaint - 2
2:11−cv−01019−JLR

WEISBERG & MEYERS, LLC     Case     No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

12.     Gordon, DNG, and John and Jane Does 1 through 50 (collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

13.     DNG is directly or indirectly engaged in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person, and is a "collection agency" as defined by RCW § 19.16.100(2).

14.     Alternatively, DNG is an "out-of-state collection agency" as defined by RCW § 19.16.100(4), as it is located in Eugene, Oregon and its activities within this state are limited to collecting debts from debtors located in this state by means of interstate communications, including telephone, mail, or facsimile transmission, from DNG's location in another state on behalf of clients located outside of this state.

15.     Because DNG is directly or indirectly engaged in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person, and is a "collection agency" as defined by RCW § 19.16.100(2) or an "out-of-state collection agency" as defined by RCW § 19.16.100(4), DNG is required to apply for and obtain a license pursuant to RCW § 19.16.110, which provides that "[n]o person shall act, assume to act, or advertise as a collection agency or out-if-state collection agency as defined in this chapter, without first having applied for and obtained a license from the director."

16.     Lawyers and law firms are not categorically excluded from regulation as "collection agencies" under the WCAA.  DNG's attempts to collect the subject debt from Plaintiff were not confined and directly related to the operation of a business other than that of a collection agency.  Therefore, Defendants are not excluded from regulation as a collection agency pursuant to RCW § 19.16.100(3).

WEISBERG & MEYERS, LLC     Case     No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

17.    John and Jane Does 1 through 50 are directly or indirectly engaged in soliciting claims for collection or collecting or attempting to collect claims owed or due or asserted to be owed or due another person.   RCW § 19.16.100(3)(a) excludes individuals engaged in collecting or attempting to collect claims from the definition of a "collection agency" only if such individuals are employees of a licensee.   If DNG did not apply for and obtain a license pursuant to RCW § 19.16.110, then John and Jane Does 1 through 50 themselves fall within the definition of a "collection agency" as defined by RCW § 19.16.100(2).

## FACTUAL ALLEGATIONS

18.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

19.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

20.    Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

21.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

22.    DNG, on behalf of a third-party creditor, filed a lawsuit in a Washington State court against Plaintiff in effort to collect a debt.

23.    DNG is not licensed as a collection agency or out-of-state collection agency

Revised Amended Complaint - 4
2:11−cv−01019−JLR

WEISBERG & MEYERS, LLC        Case        No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

pursuant to RCW § 19.16.100 *et seq.*

24.     John and Jane Does 1 through 50 are not licensed as a collection agency or out-of-state collection agency pursuant to RCW § 19.16.100 *et seq.*

25.     Defendants obtained a judgment against Plaintiff on January 29, 2007, in the amount of $3,979.12, consisting of principal in the amount of $2,341.68, pre-judgment interest of $714.44, plus costs and attorneys fees in the amount of $923.00.

26.     The judgment provided for post-judgment interest at a rate of 12%.

27.     Thereafter, Defendants incurred costs and fees in their attempts to collect on the judgment, and added these costs and fees to the total balance sought to be collected from Plaintiff.

28.     Post-judgment interest accrued on Plaintiff's debt, and Defendants added the same to the total balance sought to be collected from Plaintiff.

29.     In response to Defendants' collection efforts, Plaintiff attempted to work out payment arrangements to satisfy the balance.

30.     Defendants collected from Plaintiff a total of $1,186.47 between August 2008 and December 2010.

31.     Defendants sent, or caused to be sent, to Plaintiff, among other communications, letters dated March 18, 2009, July 1, 2010, August 30, 2010, December 29, 2010, January 10, 2011, January 17, 2011, and January 25, 2011.

32.     The abovementioned letters represented that Plaintiff owed a debt.

33.     The abovementioned letters were sent in connection with Defendants' attempts to collect a different amount than indicated in Defendants' first notice to Plaintiff.

34.     Despite this, Defendants' letters failed to contain an itemization of the claim, nor

WEISBERG & MEYERS, LLC         Case         No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

was the amount of post-judgment interest stated.

35.     As a result of Defendants' collection efforts, and in response thereto, Plaintiff disputed the validity of the debt in writing, including via letter sent certified mail, dated January 17, 2011.

36.     Had Defendants not attempted to collect a debt from Plaintiff, Plaintiff would not have sent the abovementioned letter.

37.     As a direct and proximate cause of Defendants' collection efforts, Plaintiff sent the abovementioned dispute letter.

38.     Plaintiff incurred a charge for the postage and mailing of the abovementioned letter.

39.     Even in response to Plaintiff's January 17, 2011 request for an explanation as to how the amount sought to be collected was calculated, Defendants' January 25, 2011 correspondence failed to itemize the balance or indicate the amount of post-judgment interest.

40.     On or about July 1, 2010, an agent and/or employee of Defendants initiated communication with Plaintiff's employer, Talasaea Consultants, Inc., and spoke with Plaintiff's co-worker, Barb Batt.

41.     During this phone call, Defendants' agent and/or employee did not identify herself, and in fact refused to do so upon Ms. Batt's repeated request.

42.     During this phone call, Defendants' agent and/or employee stated she was calling from the Law Office of Daniel N. Gordon, located in Eugene, Oregon.

43.     During this phone call, Defendants' agent and/or employee stated that Plaintiff owes a debt and that there may be a garnishment of Plaintiff's wages for the amount of $3,979.12, but that Defendants did not have a court order for the same.

Revised Amended Complaint - 6
2:11−cv−01019−JLR

WEISBERG & MEYERS, LLC        Case        No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

44.     Prior to Defendants' July 1, 2010 communication with Plaintiff's Ms. Batt, Defendants had communicated with Plaintiff directly, and at such time Plaintiff had stated she would provide pay stubs to confirm her employment, and demanded Defendants not contact Plaintiff's employer.

45.     Within one year preceding the date of this complaint, Defendants, via their agent and/or employee "Tasha Pierce," in connection with the collection of a debt, placed multiple telephone calls to, and left voice messages on, Plaintiff's cellular telephone.

46.     In each such instance, Defendants' agent and/or employee left a voice message substantially identical to the following: "This is Tasha Pierce from Attorney Daniel Gordon's office.  I need a call back at 1-800-xxx-xxxx."

47.     Defendants did not disclose in any such voice message that the message was from a debt collector, nor did they otherwise disclose any information related to the nature or purpose of the call.

48.     Despite having previously verified Plaintiff's employment, Defendants placed a call to Plaintiff's employer on or about January 14, 2011, and disclosed the existence of Plaintiff's debt.

## COUNT I
### VIOLATION OF 15 U.S.C. § 1692b(1)
### DEFENDANT GORDON

49.     Plaintiff repeats and re-alleges each and every allegation contained above.

50.     15 U.S.C. § 1692b(1) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

WEISBERG & MEYERS, LLC          Case          No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

15 U.S.C. § 1692b(1).

51.     Gordon violated 15 U.S.C. § 1692b(1) when his agent and/or employee called and spoke with Barb Batt on July 1, 2010 and failed to identify herself.

52.     Gordon further violated 15 U.S.C. § 1692b(1) when during this same phone call his agent and/or employee identified her employer, DNG, without being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Gordon violated 15 U.S.C. § 1692b(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**DEFENDANT GORDON**

53.     Plaintiff repeats and re-alleges each and every allegation contained above.

54.     15 U.S.C. § 1692b(2) provides:

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

\*     \*     \*

Revised Amended Complaint - 8
2:11−cv−01019−JLR

WEISBERG & MEYERS, LLC     Case     No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

(2) not state that such consumer owes any debt.

15 U.S.C. § 1692b(2).

55.     Gordon violated 15 U.S.C. § 1692b(2) when his agent and/or employee called and spoke with Barb Batt on July 1, 2010 and stated that Plaintiff owes a debt and that her wages may be garnished.

56.     Gordon violated 15 U.S.C. § 1692b(2) when his agent and/or employee called and spoke with Plaintiff's employer on January 14, 2011 and stated that Plaintiff owes a debt and that her wages may be garnished.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Gordon violated 15 U.S.C. § 1692b(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**DEFENDANT GORDON**

57.     Plaintiff repeats and re-alleges each and every allegation contained above.

58.     15 U.S.C. § 1692c(b) provides:

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector

Revised Amended Complaint - 9
2:11−cv−01019−JLR

WEISBERG & MEYERS, LLC          Case          No.
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

> may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

59.   Gordon violated 15 U.S.C. § 1692c(b) when his agent and/or employee contacted Barb Batt in connection with the collection of Plaintiff's debt on July 1, 2010, without Plaintiff's consent, and without the express permission of a court of competent jurisdiction, and because it was not reasonably necessary to effectuate a postjudgment judicial remedy.

60.   Gordon violated 15 U.S.C. § 1692c(b) when his agent and/or employee contacted Plaintiff's employer in connection with the collection of Plaintiff's debt on January 14, 2011, without Plaintiff's consent, and without the express permission of a court of competent jurisdiction, and because it was not reasonably necessary to effectuate a postjudgment judicial remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Gordon violated 15 U.S.C. § 1692c(b);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d(6)
## DEFENDANT GORDON

61.     Plaintiff repeats and re-alleges each and every allegation contained above.

62.     15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

63.     Gordon violated 15 U.S.C. § 1692d(6) when his agent and/or employee placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without meaningfully disclosing the caller's identity, including by failing to disclose the nature of DNG's business and the purpose of the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Gordon violated 15 U.S.C. § 1692d(6);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**DEFENDANT GORDON**

64.     Plaintiff repeats and re-alleges each and every allegation contained above.

65.     15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*       *       *

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added).

66.     Gordon violated 15 U.S.C. § 1692e(11) when his agent and/or employee placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without disclosing that the communication is from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Gordon violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT GORDON

67.   Plaintiff repeats and re-alleges each and every allegation contained above.

68.   15 U.S.C. § 1692f provides, in relevant part:

A debt collector may not use unfair or unconscionable means to collect
or attempt to collect any debt.

15 U.S.C. § 1692f.

69.   Gordon violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, including by collecting and attempting to collect Plaintiff's debt without being duly licensed pursuant to Washington law, thus avoiding review by state authorities.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Gordon violated 15 U.S.C. § 1692f;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692b(1)**
**DEFENDANT DNG**

70.     Plaintiff repeats and re-alleges each and every allegation contained above.

71.     15 U.S.C. § 1692b(1) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—

> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer.

15 U.S.C. § 1692b(1).

72.     DNG violated 15 U.S.C. § 1692b(1) when its agent and/or employee called and spoke with Barb Batt on July 1, 2010 and failed to identify herself.

73.     DNG further violated 15 U.S.C. § 1692b(1) when during this same phone call its agent and/or employee identified her employer, DNG, without being expressly requested.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that DNG violated 15 U.S.C. § 1692b(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

**COUNT VIII**
**VIOLATION OF 15 U.S.C. § 1692b(2)**
**DEFENDANT DNG**

74.     Plaintiff repeats and re-alleges each and every allegation contained above.

75.     15 U.S.C. § 1692b(2) provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> *     *     *
>
> (2) not state that such consumer owes any debt.

15 U.S.C. § 1692b(2).

76.     DNG violated 15 U.S.C. § 1692b(2) when its agent and/or employee called and spoke with Barb Batt on July 1, 2010 and stated that Plaintiff owes a debt and that her wages may be garnished.

77.     DNG violated 15 U.S.C. § 1692b(2) when its agent and/or employee called and spoke with Plaintiff's employer on January 14, 2011 and stated that Plaintiff owes a debt and that her wages may be garnished.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that DNG violated 15 U.S.C. § 1692b(2);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

Revised Amended Complaint - 15
Case No. 2:11-cv-01019-JLR

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692c(b)**
**DEFENDANT DNG**

78.   Plaintiff repeats and re-alleges each and every allegation contained above.

79.   15 U.S.C. § 1692c(b) provides:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

80.   DNG violated 15 U.S.C. § 1692c(b) when it contacted Barb Batt in connection with the collection of Plaintiff's debt on July 1, 2010, without Plaintiff's consent, and without the express permission of a court of competent jurisdiction, and because it was not reasonably necessary to effectuate a postjudgment judicial remedy.

81.   DNG violated 15 U.S.C. § 1692c(b) when it contacted Plaintiff's employer in connection with the collection of Plaintiff's debt on January 14, 2011, without Plaintiff's consent, and without the express permission of a court of competent jurisdiction, and because it was not reasonably necessary to effectuate a postjudgment judicial remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that DNG violated 15 U.S.C. § 1692c(b);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF 15 U.S.C. § 1692d(6)**
**DEFENDANT DNG**

82.     Plaintiff repeats and re-alleges each and every allegation contained above.

83.     15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

84.     DNG violated 15 U.S.C. § 1692d(6) when it placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without meaningfully disclosing its identity, including by failing to disclose the nature of DNG's business and the purpose of the call.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that DNG violated 15 U.S.C. § 1692d(6);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XI**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**DEFENDANT DNG**

85.   Plaintiff repeats and re-alleges each and every allegation contained above.

86.   15 U.S.C. § 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*      \*      \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added).

87.   DNG violated 15 U.S.C. § 1692e(11) when it placed telephone calls and left voice messages with Plaintiff in connection with the collection of a debt without disclosing that the communication is from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that DNG violated 15 U.S.C. § 1692e(11);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT XII**
**VIOLATION OF 15 U.S.C. § 1692f**
**DEFENDANT DNG**

88.    Plaintiff repeats and re-alleges each and every allegation contained above.

89.    15 U.S.C. § 1692f provides, in relevant part:

A debt collector may not use unfair or unconscionable means to collect
or attempt to collect any debt.

15 U.S.C. § 1692f.

90.    DNG violated 15 U.S.C. § 1692f when it used unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff, including by collecting and attempting to collect Plaintiff's debt without being duly licensed pursuant to Washington law, thus avoiding review by state authorities.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that DNG violated 15 U.S.C. § 1692f;

   b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT XIII**
**VIOLATION OF RCW § 19.86.020**
**DEFENDANTS DNG, AND**
**JOHN AND JANE DOES 1 THROUGH 50**

91.    Plaintiff repeats and re-alleges each and every allegation contained above.

92.    The Washington Consumer Protection Act declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

93.    To establish a violation of the Washington Consumer Protection Act, Plaintiff must show:

(1) That Defendants engaged in an unfair or deceptive act or practice;

(2) That the act or practice occurred in the conduct of Defendants' trade or commerce;

(3) That the act or practice affected the public interest;

(4) That Plaintiff was injured in either her business or property; and

(5) That Defendants' act or practice caused Plaintiff's injury.

94.    The Washington Collection Agency Act provides:

> The operation of a collection agency or out-of-state collection agency without a license as prohibited by RCW 19.16.110 and the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

RCW § 19.16.440.

95.    RCW § 19.16.110 provides:

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

> No person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter, except as authorized by this chapter, without first having applied for and obtained a license from the director.

RCW § 19.16.110.

96.     DNG violated RCW § 19.16.110 by acting and advertising as a collection agency or out-of-state collection agency without first having applied for and obtained a license.

97.     RCW § 19.16.110 also provides:

> Nothing contained in this section shall be construed to require a regular employee of a collection agency or out-of-state collection agency *duly licensed under this chapter* to procure a collection agency license.

(emphasis added).

98.     If DNG was not duly licensed under the WCAA, then John and Jane Does 1 through 50 were required to apply for and obtain a collection agency license.

99.     John and Jane Does 1 through 50 violated RCW § 19.16.110 by acting and/or advertising as a collection agency or out-of-state collection agency without first having applied for and obtained a license.

100.     RCW § 19.16.250(8) provides, in relevant part:

> No licensee or employee of a licensee shall:
>
> *     *     *
>
> (8) Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type:
>
> *     *     *
>
> (c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or her or its first notice to the debtor, an itemization of the claim asserted must be made including:

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

(ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

(iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

(iv) Collection costs, if any, that the licensee is attempting to collect;

(v) Attorneys' fees, if any, that the licensee is attempting to collect on his or her or its behalf or on the behalf of a customer or assignor; and

(vi) Any other charge or fee that the licensee is attempting to collect on his or her or its own behalf or on the behalf of a customer or assignor;

(d) If the notice, letter, message, or form concerns a judgment obtained against the debtor, no itemization of the amounts contained in the judgment is required, except postjudgment interest, if claimed, and the current account balance;

RCW § 19.16.250(8).

101.    Defendants violated RCW § 19.16.250(8) by failing to itemize Plaintiff's debt or otherwise include the information required by that section in Defendants' correspondence to Plaintiff.

102.    RCW § 19.16.260 provides, in relevant part:

No collection agency or out-of-state collection agency may bring or maintain an action in any court of this state involving the collection of a claim of any third party without alleging and proving that he or it is duly licensed under this chapter.

RCW § 19.16.260.

103.    DNG violated RCW § 19.16.260 by bringing and maintaining an action in a Washington State court to collect a debt on behalf of a third-party creditor without alleging and proving that it is duly licensed.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

104.    John and Jane Does 1 through 50 violated RCW § 19.16.260 by bringing and maintaining an action in a Washington State court to collect a debt on behalf of a third-party creditor without alleging and proving that they are duly licensed.

105.    DNG's violations of the licensing provisions included in the WCAA, RCW § 19.16.110, RCW § 19.16.260, and of RCW § 19.16.250(8), as detailed above, constitute *per se* unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the WCPA.  RCW § 19.16.440.

106.    John and Jane Doe 1 through 50's violations of the licensing provisions included in the WCAA, RCW § 19.16.110, RCW § 19.16.260, and of RCW § 19.16.250(8), as detailed above, constitute *per se* unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the WCPA.  RCW § 19.16.440.

107.    A violation of the WCAA implicates the public interest.  *Evergreen Collectors v. Holt,* 60 Wash. App. 151, 156 (Wash. App., Div. 2, 1991) (explaining that a claimant asserting a *per se* violation based upon a violation of the Washington Collection Agency Act need not prove that the public interest was affected as "[s]uch an analysis would be superfluous in a case where, as here, the plaintiff establishes a *per se* violation of the Consumer Protection Act by conduct statutorily declared to be violative of the Act"); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009) ("The business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.").

108.    Defendants' unlicensed collection activity directly and proximately caused Plaintiff injury, including time and expense incurred in defense of Defendants' collection activities, including $1,186.47 paid to Defendants in response to Defendants' collection

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

activities, and postage and mailing fees incurred in disputing the validity of the debt sought to be collected and otherwise communicating with Defendants in response to their debt collection activity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated RCW § 19.86.020;

b)  Awarding Plaintiff actual damages pursuant to RCW § 19.86.090;

c)  Awarding Plaintiff discretionary treble damages pursuant to RCW § 19.86.090;

d)  For injunctive relief in the form of an Order requiring Defendants to cease collection activity in the State of Washington until Defendants obtain a collection agency license and post the bond required by Chapter 19.16, RCW;

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to RCW § 19.86.090;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

g)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 25th day of January, 2012.

s/Jon N. Robbins
Jon N. Robbins (28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@attorneysforconsumers.com
Attorneys For Plaintiff

Revised Amended Complaint - 24
Case No. 2:11–cv–01019–JLR

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

J. Kurt Kraemer
McEwen Gisvold LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, OR 97204
kurtk@mcewengisvold.com

<u>s/Jon N. Robbins</u>
Jon N. Robbins

Revised Amended Complaint - 25
Case No. 2:11–cv–01019–JLR

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
jrobbins@AttorneysForConsumers.com